IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONALD RAY SANDERSON, #263986, )
)
       Plaintiff, )
)
       v. )    CIVIL ACTION NO.  2:10-CV-878-SRW
)
SHERIFF D. T. MARSHALL, et al., )
)
       Defendants. )

## MEMORANDUM OPINION

## I.  INTRODUCTION

This cause of action is before the court on an amended complaint filed by Donald

Ray Sanderson ["Sanderson"], a state inmate, on February 22, 2011.[1]  In the amended

complaint, Sanderson challenges the medical treatment provided to him and conditions of

confinement to which he was subjected during his confinement in the Montgomery County

Detention Facility from December 29, 2009, until January 19, 2010. He also attacks actions

taken by the Alabama State Bar Association in addressing a complaint filed by him against

his attorney, Tony Glenn. Sanderson lists D. T. Marshall, the Sheriff of Montgomery

County, Alabama; William F. Joseph, Jr., a member of the Montgomery County

Commission; the Montgomery County Jail; the Alabama State Bar Disciplinary

---

[1] Pursuant to the orders entered herein, this case is proceeding "only against the defendants named and claims presented in the amended complaint" filed by Sanderson on February 22, 2011. *Order of February 4, 2011 - Court Doc. No. 7* at 5.

Commission; Robert E. Luske, Jr., an assistant general counsel for the bar association; and Tony Glenn as defendants in the amended complaint.

Upon review of the allegations contained in the amended complaint, the court concludes that all of the claims presented in this pleading, with the exception of the plaintiff's claims against Sheriff D. T. Marshall regarding actions which occurred during his prior confinement at the Montgomery Detention Facility, are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II.  DISCUSSION

### A.  The Montgomery County Jail

Sanderson names the Montgomery County Jail as a defendant.  However, the law is well settled that a county jail is not a legal entity subject to suit or liability under 42 U.S.C. § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  Thus, the plaintiff's claims against the Montgomery County Jail are due to be dismissed as frivolous in accordance with the requirements of 28 U.S.C. § 1915(e)(2)(B)(i).  *Id*.

### B.  Commissioner William F. Joseph, Jr.

To the extent that Sanderson seeks to hold William F. Joseph, Jr., a commissioner

---

[2]The court granted Sanderson leave to proceed *in forma pauperis*.  *Order of January 20, 2011 - Court Doc. No. 4*.  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner' civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

for Montgomery County, Alabama, liable under 42 U.S.C. § 1983 for actions of the sheriff regarding the daily operation of the Montgomery County Detention Facility or policies implemented by the sheriff regarding such operation, he is entitled to no relief. "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.' *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (*citing Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998). Consequently, "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Id.* 1292. In deciding whether a county commission is liable under § 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785, 117 S.Ct. 1734, 1736 (1997) (*quoting Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)). State law is well settled that "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288.[3] As is clear from the foregoing, "Alabama

---

[3]Under all facets of Alabama law, a county sheriff acts as a state officer "when supervising inmates and otherwise operating the county jails." *Turquitt*, 137 F.3d at 1289; *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama" and as such "is not an employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (a sheriff has "the legal

sheriffs are not county policymakers in their daily management of county jails." *Turquitt*,

137 F.3d at 1292.  "For § 1983 liability to attach to a county [and/or its commissioners],

the policy at issue must have been made by a person who exercises final authority on behalf

of the county with respect to that policy.  *See McMillian*, 520 U.S. at [784-785], 117 S.Ct.

at 1736.  Alabama law, however, clearly demonstrates that sheriffs possess only state

policymaking authority when running the day-to-day affairs of a jail.  *See Turquitt*, 137

F.3d at 1291-92." *Vinson v. Clarke County*, 10 F.Supp.2d 1282, 1295-1296 (S.D. Ala.

1998).  Furthermore, a county commission and its individual members are entitled to

absolute immunity under § 1983 for claims arising from the appropriation of funds for the

maintenance of a county jail.  *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998).  In

light of the foregoing, the plaintiff's claims against defendant Joseph are due to be

summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C.  Claims Arising from State Bar Complaint

Sanderson alleges that the Alabama State Bar Disciplinary Commission and Robert

E. Luske, Jr., deprived him of his constitutional rights during proceedings related to a

complaint he filed with the bar association against his attorney, Tony Glenn.  Specifically,

Sanderson complains the Alabama State Bar Association refused to take disciplinary action

against Mr. Glenn.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color

---

custody and charge of the jail in his county and all prisoners committed thereto."); *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority over the jail is totally independent of the [county commission].")

of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.... [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

It is clear to the court that the Alabama State Bar Disciplinary Commission and Robert E. Luske, Jr., are not state actors subject to suit or liability in the instant cause of action as the Alabama State Bar Association is a private entity, not a state agency. *American Manufacturers*, *supra*. In addition, any claims lodged against attorney Tony Glenn are likewise subject to summary dismissal as the law is well settled that an attorney who represents an accused in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837

F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983.").  Sanderson's claims against these defendants are therefore due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A separate order will accompany this memorandum opinion.

DONE, this 7th day of June, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE